IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MERRILL LYNCH, PIERCE, )
FENNER & SMITH INCORPORATED, )
                                             )
                    Plaintiff, )
                                             )
            v. )                  1:06CV967
                                             )
**G. MICHAEL CRUMP,** )
                                             )
                  **Defendant.** )

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the motion of *pro se* Defendant G. Michael Crump "to set aside default judgment." (Pleading No. 16.) The Court notes that the motion is actually misnamed, however, since no default judgment has been entered. The motion should instead be considered as a motion to set aside entry of default. The Clerk entered a default against Defendant Crump on December 11, 2006, due to Defendant's failure to file a response to Plaintiff's complaint within the time allowed by law. Plaintiff Merrill Lynch has now filed a motion for a default judgment based upon the entry of default. (Pleading No. 13.)

In his motion, Defendant alleges that he received service of process in this case on November 3, 2006. He says that he "answered" by certified letter, directed to the Plaintiff, on November 20. *See* Pleading No. 16, Ex. A. He also called "the Raleigh court clerk" and was told to download a request for a Motion for Continuance. He mailed his request to the

Wake County Superior Court, with a copy of his "answer," on December 8. The Wake County Superior Court informed Defendant on December 19 that he was using an incorrect file number and his name was not coming up in their system. *See id.*, Ex. D. Upon receiving notice of the entry of default entered by the Clerk of this Court, Defendant contacted the Middle District Clerk's Office on December 26 and December 28. He spoke to the Chief Deputy Clerk who "listened and advised defendant on next steps to take given the mail mix up." *See* Pleading No. 16 at 2.

It is apparent from review of the pleadings that Defendant Crump mailed to Plaintiff Merrill Lynch an "answer," but failed to file it with this Court. In fact, he for some reason misunderstood what court he should respond to, and directed his responsive efforts to the Wake County Superior Court. Defendant acted with reasonable dispatch, but failed to perceive that his answer and other pleadings should be directed to the Middle District of North Carolina. While Defendant alleges a "mail mix up," there was in fact no problem with mail services, but Defendant's failure to appear in this Court and to timely respond was caused exclusively by his misidentification of the proper court. Of course, the complaint and summons served by Plaintiff clearly identified the proper court as the United States District Court for the Middle District of North Carolina.

Under Fed. R. Civ. P. Rule 55(c), the Court may set aside the Clerk's entry of default "[f]or good cause shown." This standard is less stringent than the standard for setting aside a default judgment. *See* Fed. R. Civ. P. 60(b). In the case at bar, Defendant acted with

-2-

reasonable dispatch in responding to the service of the complaint upon him, but he directed his initial communications and efforts toward the wrong court.  Defendant did not willfully ignore the complaint or fail to take action over an extended period of time.  Plaintiff has not been prejudiced by the short delay caused by Defendant's error.  In all the circumstances before the Court, the Court should exercise its discretion to find "good cause" under Rule 55(c), and grant Defendant's motion to set aside the Clerk's entry of default. (Pleading No. 16.) **IT IS SO RECOMMENDED**.  This ruling will render moot the Plaintiff's motion for entry of a default judgment. (Pleading No. 13.)

In view of the foregoing, **IT IS ORDERED** that Defendant shall file an answer or other response to the complaint herein by March 2, 2007.  If Defendant fails to respond in accordance with this Order, his default may be entered and judgment may be directed against him.

        /s/ P. Trevor Sharp
   United States Magistrate Judge

Date:  February 16, 2007

-3-

Case 1:06-cv-00967-NCT-PTS   Document 18   Filed 02/16/07   Page 3 of 3